**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMY A KELLY,

               Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant - Appellee.

No. 10-36147

D.C. No. 3:09-cv-05710-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Amy A. Kelly appeals from the district court's decision affirming the

Commissioner of Social Security's ("Commissioner") final decision, which

concluded that Kelly is not entitled to Disability Insurance Benefits under Title II

of the Social Security Act, 42 U.S.C. §§ 401-434. We reverse in part and remand

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to the district court with instructions to remand to the Administrative Law Judge ("ALJ") because we conclude that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of treating and examining psychiatrists, mental health counselors, social workers, and an advanced registered nurse practitioner. We dismiss in part because we lack jurisdiction to review Kelly's challenge to the Appeals Council's decision.

## I

Kelly challenges the ALJ's residual functional capacity determination that she could perform a limited range of "light work." We review *de novo* the district court's review of the Commissioner's decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We affirm the decision of the Commissioner if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Id.*

## A

First, Kelly contends that the ALJ erred in failing to consider the medical opinion of her treating psychiatrist, Dr. Manfred Joeres, and her treating physician, Dr. Cindy Schorzman, and also did not to consider the evidence from her treating mental health counselors and social workers.

Kelly is correct that the ALJ disregarded entirely the medical opinion of Dr.

2

Joeres and Dr. Schorzman. "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). "Therefore, an ALJ may not reject treating physicians' opinions unless [s]he 'makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "[A]n ALJ cannot avoid these requirements simply by not mentioning the treating physician's opinion and making findings contrary to it." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007).

The ALJ erred in silently disregarding the medical opinions of treating psychiatrist Dr. Joeres related to Kelly's ability to function in a work setting. Even though Dr. Schorzman was Kelly's primary care physician from August 2005 until July 2006, there was no error in the ALJ's failure to mention Dr. Schorzman's treatment notes because they do not contain any medical opinions that are significant or probative with respect to the residual functional capacity determination. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) ("The Secretary, however, need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been

3

rejected.'" (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (emphasis in original)).

Kelly is also correct that the ALJ disregarded entirely the evidence from her treating mental health counselors and social workers. Although mental health counselors and social workers are not "acceptable medical sources," 20 C.F.R. § 404.1513(a), they are "other sources" under 20 C.F.R. § 404.1513(d), and the ALJ may only disregard their testimony if he or she "gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). The ALJ erred in silently disregarding the treatment notes from these treating mental health counselors and social workers when determining Kelly's residual functional capacity.

B

Second, Kelly contends that the ALJ erred by improperly discrediting part of the medical opinion of examining psychiatrist, Dr. James Parker, and rejecting evidence from examining nurse practitioner, Aimee Wagonblast, A.R.N.P. "[L]ike the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*,

4

81 F.3d 821, 830–31 (9th Cir. 1995). Dr. Parker and Ms. Wagonblast assigned Global Assessment of Functioning ("GAF") scores of 52 and 40–45, respectively. Substantial evidence does not support the ALJ's reasons for rejecting Dr. Parker or Ms. Wagonblast's GAF scores.

C

Third, Kelly contends that the ALJ erred by improperly discrediting her hearing testimony. "If there is no affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). "The ALJ may consider many factors in weighing a claimant's credibility, including '(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284).

The ALJ discredited Kelly's testimony regarding the intensity, persistence, and limiting effects of her mental impairment based on her failure to seek as much

treatment as would be expected in light of her symptoms, inconsistencies between her hearing testimony and the record evidence, as well as her daily activities. These reasons for rejecting Kelly's testimony were clear and convincing, and substantial evidence supports the ALJ's adverse credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."). Her hearing testimony that she left her job because of her anxiety and depression is contradicted by treatment notes indicating that she did not return to work after going on medical leave to take care of her husband because she did not like her job. In addition, Kelly testified that her daily activities include driving, washing the dishes, shopping, and caring for her two children by getting them ready for school in the morning, walking them to the bus stop, doing their laundry, feeding them, and engaging in educational activities with her son to help him learn his letters and numbers. Although the evidence of Kelly's daily activities may also admit of an interpretation more favorable to Kelly, the ALJ's interpretation was rational, and "we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Id.* at 680–81 (quoting *Magallanes*, 881 F.2d at 750 (alteration in original omitted)).

## D

Because the harmless error doctrine applies in the Social Security context, *McLeod v. Astrue*, 640 F.3d 881, 887 n.25 (9th Cir. 2011), we must determine whether remand is appropriate in light of our determination that some of the ALJ's findings were in error. From this record, we cannot determine whether the error was harmless because the ALJ did not provide a statement of her reasons for rejecting evidence relevant to the determination of Kelly's residual functional capacity. We must therefore reverse and remand to the district court with instructions to remand to the ALJ to consider all of the evidence and to explain why she credits some testimony over others.

## II

Kelly also challenges the ALJ's finding that her mental impairment did not meet or equal the criteria of paragraph C in Listing 12.04.[1] She has not pointed to any evidence in support of her contention that she meets or equals the paragraph C criteria, and substantial evidence supports the ALJ's finding that she does not. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.04C; *Lewis*, 236 F.3d at 514.

---

[1] We decline to address Kelly's contention that the ALJ erred in finding that her mental impairment did not meet or equal the criteria of paragraph B, because she "failed to argue this issue with any specificity" in her opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

## III

Lastly, Kelly contends that the Appeals Council erred in failing to remand Kelly's claim for a new hearing in light of the new evidence she submitted on appeal. We dismiss this contention because we lack jurisdiction to review the Appeals Council's decision denying Kelly's request for review. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner.").

**REVERSED in part; DISMISSED in part; REMANDED.**

Each party shall bear its own costs.